IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00408-LTB

LAMONT L. WARREN,

    Plaintiff,

v.

NURSE VICTORIA VIGIL, and
COMPUTER SPECIALIST MS. LYDE,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

At issue is Plaintiff Lamont L. Warren's Letter, Doc. No. 10, filed on April 12, 2012. The Court must construe the Letter liberally because Mr. Warren is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Letter as a Motion to Reconsider and deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). This case was dismissed on April 18, 2011, because Mr. Warren failed to comply with the Court's order to provide a certified account statement, to name the same parties in both the caption and Section "Parties" of the complaint form, and to indicate the addresses for each of the named parties. A motion to reconsider filed more

than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b).  *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).  Mr. Warren's Letter was filed well over twenty-eight days after the Court's Order of Dismissal was entered on April 12, 2011.  Therefore, the Letter is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).  Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Warren fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.

In the Motion to Reconsider, Mr. Warren appears to assert that the action should be reopened because his lack of legal expertise was the reason he was not able to comply with Magistrate Judge Boland's instruction to cure the noted deficiencies.  Naming the same defendants in both the caption and Section A. of the Complaint form and providing their addresses, along with submitting a certified account statement, does not require the assistance of an attorney or legal expertise.  The Motion to Reconsider, therefore, will be denied.  Mr. Warren is reminded that the action was dismissed without prejudice and he may file a new action is he so desires.  Accordingly, it is

ORDERED that the Letter (Doc. No. 10) filed on April 9, 2012, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.  It is

FURTHER ORDERED that although Mr. Warren has requested the Court send to him copies of Court-approved forms used in filing 28 U.S.C. §§ 2241 and 2254 actions, he shall obtain the Court-approved forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.

DATED at Denver, Colorado, this   16th   day of      April        , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court